UNITED STATES *v.* P. C. KUYPER & Co. (No. 3773)[1]

United States Court of Customs and Patent Appeals, February 4, 1935

*Joseph R. Jackson,* Assistant Attorney General (*Ralph Folks* and *Hugo P. Geisler,* special attorneys, of counsel), for the United States.

*Brown & Carter* (*Allan R. Brown* and *Fred J. Carter* of counsel) for appellee.

[1] T. D. 47531.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

BLAND, Judge, delivered the opinion of the court:

Certain bead necklaces and bead bracelets, composed in chief value of beads, and claimed by the importer to be ornamented with beads, were classified by the collector under paragraph 1527 (a) (2) of the Tariff Act of 1930, the *jewelry* provision, which provides for a rate of duty of 1 cent each, and in addition thereto three-fifths of 1 cent per dozen for each 1 cent the value exceeds 20 cents per dozen, and 50 per centum ad valorem.

The importer protested the classification, claiming that the merchandise was dutiable under paragraph 1529 (a) as articles ornamented with beads in chief value of beads, it being the contention there and here on the part of the importer that the phrase "by whatever name known, and to whatever use applied, and whether or not named, described or provided for elsewhere in this Act" made this provision more specific and compelling than the jewelry provision.

The United States Customs Court, First Division, being in agreement with the contentions of importer, sustained the protest, and from the judgment of said court the Government has appealed here.

The material portions of the competing provisions read as follows:

PAR. 1527 (a). Jewelry, commonly or commercially so known, finished or unfinished (including parts thereof):

(1) Composed wholly or in chief value of gold or platinum, * * *;

(2) *all other, of whatever material composed*, valued above 20 cents per dozen pieces, 1 cent each, and in addition thereto three-fifths of 1 cent per dozen for each 1 cent the value exceeds 20 cents per dozen, and 50 per centum ad valorem: *Provided*, That none of the foregoing shall be subject to a less amount of duty than would be payable if the article were not dutiable under this paragraph. [Italics ours]

PAR. 1529 (a). Laces, lace fabrics, and lace articles, made by hand or on a lace, net, knitting, or braiding machine, and all fabrics and articles made on a lace or net machine, all the foregoing, plain or figured; lace window curtains, veils, veilings, flouncings, all-overs, neck rufflings, flutings, quillings, ruchings, tuckings, insertings, galloons, edgings, trimmings, fringes, gimps, and ornaments; braids, loom woven and ornamented in the process of weaving, or made by hand, or on a lace, knitting, or braiding machine; and fabrics and *articles* embroidered (whether or not the embroidery is on a scalloped edge), tamboured, appliquéd, *ornamented with beads*, bugles, or spangles, or from which threads have been omitted, drawn, punched, or cut, and with threads introduced after weaving to finish or ornament the open work, not including one row of straight hemstitching adjoining the hem; all the foregoing, and fabrics and articles wholly or in part thereof, finished or unfinished (except materials and articles provided for in paragraph 915, 920, 1006, 1111, 1504, 1505, 1513, 1518, 1523, or 1530 (e), or in Title II (free list), or in subparagraph (b) of this paragraph), *by whatever name known, and to whatever use applied, and whether or not named, described, or provided for elsewhere in this Act, when composed wholly or in chief value of*

filaments, yarns, threads, tinsel wire, lame, bullions, metal threads. *beads*, bugles, spangles, or rayon or other synthetic textile, 90 per centum ad valorem. * * * (Italics ours.)

The two provisions for brevity may be deleted as follows:

PAR. 1527 (a). Jewelry, commonly or commercially so known, finished or unfinished * * * of whatever material composed.

PAR. 1529 (a). * * * articles * * * ornamented with beads * * * by whatever name known, and to whatever use applied, and whether or not named, described, or provided for elsewhere in this Act, when composed wholly or in chief value of * * * beads * * *.

It is the contention of the Government that the imported necklaces and bracelets are clearly described under the jewelry paragraph, 1527 (a), and that it was not the intention of Congress to include within paragraph 1529 (a), jewelry articles, but that said paragraph was intended only to cover fabrics in various forms, and such other specifically mentioned articles which were textile material used for the most part for trimmings and ornamentation of other articles; that jewelry articles are not *ejusdem generis* with the articles named in paragraph 1529 (a), and that the proviso in paragraph 1527 (a), above quoted, directs that the imported merchandise shall not be classified under paragraph 1529 (a) at a 90 per centum rate, and requires that it shall be classified under said jewelry provision, the rate of duty of which provision, when applied to the articles at bar, amounts to an ad valorem rate of 110 per centum.

The importer contends that even though the imported articles are described in the jewelry paragraph, they are more specifically described in paragraph 1529 (a), and that by reason of the provision "by whatever name known and to whatever use applied [etc.]", the articles must be classified under paragraph 1529 (a). The importer, in replying to the Government's contentions relating to *ejustem generis*, discusses it under the head of *noscitur a sociis*. Appellee points out that Congress has excepted from the operation of paragraph 1529 (a) certain materials and articles classifiable under specified provisions in the tariff act, and that this carries the implication that all merchandise described in paragraphs other than those covered by the excepted provision may be drawn into paragraph 1529 (a). Attention is also called to the fact that most of the things provided for in the excluded paragraphs are wholly dissimilar from those named in paragraph 1529 (a).

It is the importer's contention that the dutiable classification of the merchandise in the case at bar is controlled by this court's decision in *United States* v. *New York Merchandise Co.*, 19 C. C. P. A. (Customs) 56, T. D. 44894.

On account of the pertinency of the last cited case as well as the case of *United States* v. *Metro Bag Works*, 17 C. C. P. A. (Customs)

145, T. D. 43472, we think it important that the description and characteristics of the merchandise here involved be set out in considerable detail.

Exhibits 1 and 2 are necklaces of black beads. About half of the circumference of the back portion of each of the necklaces is made up of a single strand. In the front part of the necklace in Exhibit 1 there are four strands, the second strand being longer than the first, the third longer than the second, and the fourth longer than the third, with a space between the strands at the bottom of about one inch. Exhibit 2 is substantially of the same construction except that there are only three strands in the front part instead of four as in Exhibit 1.

Exhibit 3 consists of a necklace of glass beads of four different shades of blue, of four different shapes, and of six different sizes. The main part of the necklace is made up entirely of beads except the cords upon which the beads are strung. Suspended from the front part of the necklace is a ball composed of beads, which beads seem to be held together by some kind of adhesive substance. Between the ball and the main part of the necklace is a cord upon which are strung different sized beads, which cord is part of the cord forming the main part of the necklace. If said cord holding the suspended ball and beads were cut or removed from the necklace, the main portion of the necklace would come apart and part of the beads would be unloosened.

Exhibit 4 is a highly colored, cheap-appearing necklace, consisting of beads of various forms and shapes connected with brass eyelets or rings, to which necklace is attached at the front side, by a separate brass attachment, a pendant composed of five beads and considerable brass link material. Some of the beads composing the pendant would seem to represent some kind of fruit. If the brass eyelets connecting the pendant with the main part of the necklace were opened and the pendant removed, the remainder would be a complete necklace.

Exhibit 5 is a bracelet of substantially the same construction as the necklace in Exhibit 4. The pendant is slightly smaller than the pendant in Exhibit 4 but is similar in construction and in the manner in which it is attached to the main part of the article.

We are not impressed with the contention of the Government that the above-quoted proviso of paragraph 1527(a) requires that a duty higher than 90 per centum shall be levied upon the merchandise at bar. It is clear that that proviso means that if anything described in the jewelry paragraph were also described elsewhere at a higher rate of duty, the jewelry paragraph should not invade the higher duty paragraph and require that the merchandise be assessed at a lower rate of duty.

As to the Government's contention with reference to *ejusdem generis* or *noscitur a sociis*, we see no reason why an article of jewelry, if it

were in chief value of beads, and ornamented with beads, should not be dutiable under paragraph 1529(a). Things provided for elsewhere, which Congress did not want to include in the said provision by use of the all-inclusive language, it excluded therefrom by providing that materials and articles provided for in the different specified provisions of the act should not be brought into the provision. It seems obvious that Congress felt that the provision was sufficiently definite and inclusive to bring them into it, if described therein, unless they were specially excepted. The paragraphs and free list mentioned in the exception cover a very wide variety of articles, and we think this consideration throws considerable light upon the result Congress contemplated by the enactment of said broad and comprehensive phrase "by whatever name known and to whatever use applied [etc.]"

It is our view that if the articles are in chief value of beads and are ornamented with beads, they are more specifically provided for in paragraph 1529(a) than in the jewelry paragraph and the issues in this case are determined by our decisions in *United States* v. *Metro Bag Works, supra,* and *United States* v. *New York Merchandise Co., supra.* See also *Trimming Clearing House* v. *United States,* 18 C. C. P. A. (Customs) 96, T. D. 44064. In the *Metro Bag Works* case, *supra,* the classification of the merchandise depended upon whether or not bags made of beads were ornamented with beads and were in chief value of beads. It was conceded that they were beaded articles and it was conceded that they were in chief value of beads. The sole question was whether or not they were ornamented with beads. The bag in that case was a complete bag even if the pendent ornamental loops of beads suspended from the bottom of the bag were omitted and this court held that it was an article of beads ornamented with beads and fell within that portion of paragraph 1430, Tariff Act of 1922, which was comparable, so far as the issues here are concerned, with the provision in paragraph 1529 (a), *supra,* under consideration. Here, as there, the question for determination is whether or not the imported articles, which are in chief value of beads, are ornamented with beads.

It will be noted that all the articles at bar are highly ornamental in character and that they are designed and used for ornamental purposes. It is at once apparent that it is not always easy to determine when a highly ornamental article of a given material can be said to be ornamented with the same material within the meaning of the controverted provision. In other words, it is difficult to determine where the claimed ornamental part begins and the remainder of it ends. We do not mean, however, to suggest that an ornamental article in chief value of beads may not be ornamented with beads. All visible parts of the articles at bar are highly ornamental and we

see nothing in the parts of the articles which are claimed to respond to the term "ornamented with beads" which would justify the conclusion that the articles are so ornamented. From the mere fact that more beads are used in constructing the articles at bar than were necessary to make one kind of a complete bead necklace it need not be necessarily concluded that a beaded article has been ornamented with beads.

It is nowhere contended in this case that the necklaces and bracelets at bar are not jewelry. We think they are jewelry and that the merchandise represented by all the exhibits was properly classified by the collector and we so hold. See *Theo. L. Stern & Co. (Inc.)* v. *United States*, 20 C. C. P. A. (Customs) 423, T. D. 46260, and cases therein cited. There is certainly no incongruity in holding that the highly ornamented jewelry at bar should be so classified if jewelry of the same kind, though less ornamental, should be held to be dutiable as such.

Appellee's brief contains the following:

The issue whether or not the necklaces and bracelets at bar are of themselves ornaments does not enter into the present case because in any event they are ornamented with beads. In view of the fact that they are articles ornamented with beads, the present record was not directed to showing that they are themselves ornaments without any utilitarian function.

It does not appear that the question of whether the articles here involved are within the *eo nomine* designation of "ornaments" in said paragraph 1529 (a) was raised before the trial court. It was not argued before us, and in view of these facts, together with the concluding statement in appellee's brief above quoted, that question will not be here considered by us. The meaning of the *eo nomine* designation of "ornaments" in said paragraph 1529 (a) is of such importance that decision should not be made thereon without the benefit of briefs and oral argument.

For the reasons herein stated, the judgment appealed from is *reversed.*